IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                                Criminal Action No. 5:99cr13
                                                                         (Judge Stamp)

STANLEY HOBEREK,
    Defendant.

## MEMORANDUM OPINION and REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 4, 2005, the defendant, Stanley Hoberek, filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). On March 7, 2005, the Government filed United States' Response to Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). On March 15, 2005, the defendant filed a Reply to Government's Response. By Order entered on March 22, 2005, the Honorable Frederick P. Stamp, Jr., United States District Judge, referred the matter to me for disposition.

### II. FACTS

The defendant was convicted by jury of conspiracy to distribute cocaine, marijuana and heroin, possession with the intent to distribute crack cocaine and racketeering. He was sentenced to a total term of imprisonment of 324 months. The defendant's conviction and sentence were affirmed on appeal. Thereafter, on October 25, 2000, the defendant sought relief pursuant to 28 U.S.C. § 2255. The motion was denied on April 11, 2002. The defendant appealed the denial of his § 2255 motion. On August 2, 2002, the Fourth Circuit denied a certificate of appealability and dismissed the appeal.

The defendant now seeks relief under 18 U.S.C. § 3582(c)(2) based on the recent Supreme Court case, United States v. Booker, 125 S. Ct. 738 (2005). According to the defendant, the Supreme Court has amended the Sentencing Guidelines, and he is entitled to a sentence reduction under Booker because no drug amount was charged in his indictment and the jury failed to find any specific drug quantity.

The Government asserts that the defendant has actually filed a motion pursuant to 28 U.S.C. § 2255 even though the defendant is calling it by another name. According to the Government, pursuant to United States v. Winestock, 340 F. 3d 2000 (4th Cir. 2003), the Court has the ability to construe the defendant's motion as a § 2255 motion. The Government further contends that the Court has no jurisdiction over the motion because the defendant has not obtained permission for the Fourth Circuit Court of Appeals to file a second or successive motion. The defendant responds that his is not seeking § 2255 relief but has "only tracked the precise language of section 3582(c)(2), and nothing more."

### III. ANALYSIS

In United States v. Winestock, 340 F. 3d 200, 206 (4th Cir. 2003), the Fourth Circuit held that "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" The Government asserts that the rational of Winestock applies to "2255 motions disguised under other names."

Pursuant to Castro v. United States, 540 U.S. 375 (2003) and United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir.2002) prior to recharacterizing a defendant's motion, a district court is

2

required to give the defendant notice of its intent to recharacterize the motion, warn him that the effect of the recharacterization is that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, advise him of the one-year statute of limitations and the four dates in § 2255 which begin the statute of limitations and provide him with an opportunity to withdraw or amend the motion.

"In cases where no adverse consequences will ensue, the district court need not give the movant any notice prior to proceeding with the recharacterization." Emmanuel, 288 F.3d at 650. Here, the defendant already filed a § 2255 motion which was decided on the merits. Thus, he will suffer no adverse consequence as a result of the Court recharacterizing his Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) to a § 2255 motion without prior notice.

Because the defendant already filed a § 2255 action, and he is raising a Booker claim that is a new allegation of constitutional error, the Court finds that his motion is actually a second or successive § 2255 motion.

28 U.S.C. § 2255 provides as follows regarding second or successive § 2255 motions::

second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because there is nothing in the docket which indicates the defendant obtained authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion in this Court, the Court has no jurisdiction over a second or successive § 2255 motion.

In the alternative, if the Court finds that the defendant's motion should not be treated as a § 2255 motion, but instead should be considered under 18 U.S.C. § 3583(c)(2), the defendant is still not entitled to relief.

The Court is only allowed to modify a sentence in limited circumstances. Specifically, 18 U.S.C. § 3582(c)(2) provides:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)[1] to the extent that they are applicable, if such a reduction is

---

[1] 18 U.S.C. § 3553(a) states that the court shall consider:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant;  and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced;  or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;  and
(7) the need to provide restitution to any victims of the offense.

> consistent with applicable policy statements issued by the Sentencing Commission.

The Court is precluded from modifying the defendant's sentence under 18 U.S.C. § 3582(c)(2) because there has been no amendment to the sentencing guidelines which would justify a sentence reduction in this case. The Booker decision was not a decision from the Sentencing Commission, but a decision from the Supreme Court. Because the Sentencing Commission did not amend the guideline range, the defendant is not entitled to have his sentence modified. See United States of America v. Dorsey, 2005 WL 906356 (E.D. Pa. 2005); United States v. Gudino-Martinez, 2005 WL 1126840 (E.D. Wash.2005); United States v. Watson, 2005 WL 1106604 (E.D. Va. 2005).[2]

Moreover, while the Fourth Circuit Court of Appeals has not ruled on the retroactivity of Booker, other circuits have held that Booker does not apply retroactively. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 2005 WL 535361 (10th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 2005 WL 1155220 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005). Thus, in accordance with these decisions, the Court finds that the defendant is not entitled to have Booker applied retroactively to his sentence.

Accordingly, for the foregoing reasons, the undersigned recommends that the Court deny the defendant's motion for modification of sentence.

## IV. RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING** the defendant's

---

[2]Pursuant to Fourth Circuit Local Rule 36(c), which disfavors citation of unpublished opinions, a copy of this unpublished opinion is attached.

motion either on the basis that it is a successive § 2255 motion or that he is entitled to no relief under 18 U.S.C. § 3582(c)(2).

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

Dated: June 3 , 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE