IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Criminal Action No. 5:99CR13-01
                                                    (STAMP)

STANLEY HOBEREK,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

On March 4, 2005, the defendant, Stanley Hoberek, appearing pro se, filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The government filed a response to the defendant's motion. This Court referred the case to United States Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter.

On June 6, 2005, Magistrate Judge Seibert filed a report recommending that the defendant's motion be denied. The magistrate judge also informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of his recommendation. The defendant filed a timely objection.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. This Court has now

made an independent de novo consideration of all of the matters now before it and is of the opinion that the magistrate judge's report and recommendation should be affirmed in its entirety.

II. Facts

Defendant was indicted by a grand jury on February 3, 1994 in a twenty-nine-count indictment relating to possession and distribution of drugs. Defendant was charged in four counts of the indictment and was found guilty of these charges by a jury. Defendant was sentenced to 324 months of incarceration for conspiracy to distribute narcotics (Count One), 240 months of incarceration for the sale, distribution, or dispensing of narcotics (Count Twenty-Two), and 60 months of incarceration for engaging in a racketeering enterprise involving narcotics (Counts Twenty-Three and Twenty-Four). These sentences were to be served concurrently.

The defendant appealed his conviction to the United States Court of Appeals for the Fourth Circuit, where the conviction was affirmed on August 11, 2000. The defendant then filed a motion to vacate, set aside or correct sentence on October 25, 2000, which this Court denied.

In his motion, the defendant seeks relief under 18 U.S.C. § 3582(c)(2) based on the recent holding of the Supreme Court of the United States in United States v. Booker, 125 S. Ct. 738 (2005). The defendant contends that Booker's amendment to the

Sentencing Guidelines ("Guidelines") entitles him to a sentence reduction because: (1) his indictment charged no drug amount; and (2) the jury failed to make a finding regarding drug quantity in his case.

In response, the government argues that the relief the defendant seeks must be obtained pursuant to a motion under 28 U.S.C. § 2255. The government cites <u>United States v. Winestock</u>, 340 F.3d 2000 (4th Cir. 2003), in support of its contention that this Court must construe the defendant's motion under § 2255. The government further asserts that this Court lacks jurisdiction to decide such motion because the defendant has not obtained permission from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 petition. In reply, the defendant argues that he does not seek § 2255 relief, and instead requests only the strict application of 18 U.S.C. § 3582(c)(2).

### III. <u>Applicable Law</u>

Title 18, United States Code, Section 3582(c) states in pertinent part:

> The court may modify a term of imprisonment once it has been imposed except that –
>
> . . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in

3

section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

## IV. Discussion

The magistrate judge first concluded that the defendant's motion raises issues of constitutional law which implicate 28 U.S.C. § 2255. The magistrate judge noted that if this Court converts the defendant's motion to one filed pursuant to § 2255, it would constitute a second or successive motion. The magistrate judge also found that the statute requires a defendant to seek permission to file a successive petition from the Fourth Circuit, and that the docket does not reflect that the defendant obtained such permission.

Alternatively, the magistrate judge found that the motion also lacks merit if considered under 18 U.S.C. § 3582. This finding was based on the conclusions that: (1) the defendant cites an act of the Supreme Court, rather than one by the Sentencing Commission; and (2) while the Fourth Circuit has not ruled on the issue, several circuits have found that Booker does not apply to cases on collateral review. Accordingly, the magistrate judge recommended that the defendant's motion be denied and dismissed.

After review, this Court agrees with the magistrate judge that the defendant's motion pursuant to 18 U.S.C. § 3582 lacks merit. The defendant's motion is based on a new rule of constitutional

4

law, not a modification of the Guidelines by the Sentencing Commission. Thus, 18 U.S.C. § 3582 is not the appropriate statute for relief. Rather, this motion implicates 28 U.S.C. § 2255. See Winestock, 340 F.3d at 206 ("a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.").

The magistrate judge has also correctly noted that the record does not reflect that the defendant has gained permission from the Fourth Circuit to proceed with a successive application under 28 U.S.C. § 2255. Thus, this Court lacks jurisdiction to consider his motion.

V. Conclusion

This Court finds that Magistrate Judge Seibert has examined the defendant's claims carefully and has provided clear explanations for his recommendations. After de novo consideration of the record, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, for the reasons stated above, the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is hereby DENIED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the

judgment order.  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1).  If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   June 22, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE