IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Petitioner,

v.

                                  Criminal Action No. 5:99CR13
                                Civil Action No. 5:00CV184
STANLEY HOBEREK,           (JUDGE STAMP)

      Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2255
## THAT SECOND OR SUCCESSIVE PETITIONS
## BE DENIED

### I. PROCEDURAL HISTORY

On December 14, 2005, the *pro se* petitioner, Stanley Hoberek, ["Petitioner"], filed a Motion to Vacate Conviction based on a Previously Unavailable Claim. The United States filed its response January 12, 2006. Petitioner filed a reply January 24, 2006. Petitioner filed a Motion to Vacate Judgment of Section 2255 Entered in this Case July 13, 2007.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.09.

### II. FACTS

**A.**    **Conviction**

On June 14, 1999, the petitioner was found guilty by a jury for the Northern District of West Virginia of Counts 1, 22, 23, and 24 of the indictment.

**B.**    **Sentencing**

On September 16, 1999, the Court sentenced the petitioner to 324 months incarceration on count 1, 240 months incarceration on Count 22 and 60 months incarceration on Counts 23 and 24. All sentences were to be served concurrently.

**C.     Appeal**

The petitioner filed an appeal. By decision dated August 11, 2000, the Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence.

**D.     Federal Habeas Corpus**

Petitioner filed his motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 on October 25, 2000. The motion was denied on April 11, 2002. Petitioner did not appeal.

On December 14, 2005, Petitioner filed a Motion to Vacate Conviction based on a previously unavailable claim which constitutes a motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. Likewise, petitioner's Motion to Vacate Judgment of Section 2255 Entered in this Case constitutes a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255.

**E.     Recommendation.**

Based upon a review of the record, I recommend that petitioner's motions be denied and dismissed from the docket for lack of jurisdiction because they are second or successive motions.

### III.     ANALYSIS

Section 2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

> that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). The petitioner's first § 2255 motion was considered on the merits. The petitioner's current § 2255 motions challenge the same sentence as was challenged in his first § 2255 motion. Thus, the undersigned finds that the current § 2255 motion is a successive motion.

However, the petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive § 2255 motions in this Court. Thus, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under § 2244(b)(3)." See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

It should be noted that petitioner's first motion was based on the decision of Crawford v. Washington, 541 U.S. 36 (2004) claiming that the grand jury testimony of Louie Franchino, deceased, which was not subject to cross examination, was admitted at his trial. The United States Supreme Court recently held that Crawford is not retroactive. Whorton v. Bockting, 127 S.Ct. 1173 (2007). Winestock held a brand new allegation of constitutional error will virtually always implicate the rules governing successive applications. 340 F.3d at 207.

It should also be noted that petitioner's second motion was based upon the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). This issue was decided in petitioner's original § 2255 motion.

Consequently, I recommend both of Petitioner's § 2255 motions be denied with prejudice for lack of jurisdiction.

## IV.     RECOMMENDATION

The undersigned recommends that the Court enter an Order DENYING WITH PREJUDICE Petitioner's motions and dismissing the case from the docket for lack of jurisdiction because his motion is a successive motion and he has not received authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[1]

The Clerk of Court is directed to mail a copy of this Recommendation to all parties of record.

Dated: July 18, 2007

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).