IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STANLEY HOBEREK,

        Petitioner,

v.

                        Criminal Action No. 5:99CR13
                        Civil Action No. 5:00CV184
UNITED STATES OF AMERICA,            (JUDGE STAMP)

        Respondent.

## REPORT AND RECOMMENDATION THAT PETITIONER'S MOTIONS UNDER FED. R. CIV. P. 60(b)(4) BE DENIED

I. Introduction

Petitioner, Stanley Hoberek, was one of nine defendants in a 28 count indictment related to distribution of cocaine, marijuana and heroin returned February 3, 1999. Petitioner was convicted by a jury on Counts 1, 22, 23-24 on June 14, 1999 and sentenced to 324, 240 and 60 months imprisonment on those counts respectively on September 16, 1999. The United States Court of Appeals for the Fourth Circuit denied his direct appeal September 5, 2000.

Petitioner filed his first motion under 28 U.S.C. § 2255 on October 25, 2000. The motion was denied April 11, 2002. Petitioner appealed and his appeal on his first § 2255 motion was denied by the Fourth Circuit August 2, 2002.

Petitioner next filed a Rule 35 Motion for Correction of Illegal Sentence on October 14, 2003 which was denied November 7, 2003. Petitioner appealed and the Fourth Circuit denied his appeal August 7, 2004.

Petitioner next filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. Section 3582(c)(2) on March 4, 2005 which was denied June 22, 2005. Petitioner appealed and the Fourth Circuit denied his appeal December 7, 2005.

Petitioner filed his second Motion to Vacate on December 14, 2005 which was denied October 22, 2007.

Petitioner filed his third Motion to Vacate under 28 U.S.C. § 2255 on July 13, 2007 which was also denied October 22, 2007. Petitioner filed a Motion for Certificate of Appealability and Notice of Appeal October 31, 2007. Petitioner's Motion for a Certificate of Appealability was denied November 1, 2007. The appeal was dismissed by the Fourth Circuit on May 20, 2008.

Petitioner then filed the two motions under Fed. R. Civ. P. 60(b)(4)[1] which are the subject of this recommendation.

Petitioner's first motion under 28 U.S.C. § 2255 was decided on the merits.

## II. Analysis

The first 60(b)(4) Motion

A.   Contentions of the Parties

Petitioner contends the Court lacked jurisdiction to "... to issue the Judgment based on an amount of drugs not charged in the indictment, pleaded or proven to a jury, or admitted by the defendant." Specifically Petitioner contends that the judgment against him was not final until November 11, 2000, which was five months after the decision in Apprendi v. New Jersey, 530 U.S. 466(2000). Therefore, under Teague v. Lane, 489 U.S. 288(1989) the Rule of Non-Retroactivity is not applicable.

---

[1] Doc. Nos. 513 and 517.

The Government contends the issues presented in these motions are identical to the issues raised in Petitioner's first § 2255 motion which was denied April 11, 2002 and subsequently affirmed by the Fourth Circuit. Therefore, it is the Government's view that these motions constitute second or successive collateral review applications which are barred in the absence of certificate of appealability.

B. Discussion

In <u>United States v. Winestock</u>, 340 F.3d 200, 206 (4th Cir. 2003), the Court expressly held that District Court must treat Rule 60(b) motions as successive petitions if failing to do so would allow a petitioner to avoid AEDPA's bar against relitigation of the same claim or litigation of claims not presented in the prior petition. The decision gave a guide to determine whether a Rule 60(b) Motion was a true 60(b) motion or a disguised successive petition. A motion directly attacking a prisoner's conviction would be a successive petition while a motion seeking review of an alleged defect in the review process would be a proper 60(b) motion. <u>Id</u> at 207.

There have been concerns raised by some that dicta in footnote 6 of <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005) indicates a 60(b) motion is not barred as a successive petition when the original § 2255 motion was not decided on the merits. However, in this case petitioner's first § 2255 motion was decided on the merits. In addition, petitioner has filed second and third § 2255's which have been dismissed.

Petitioner's first 60(b) motion (Doc. No. 513) attacks his conviction claiming the amount of drugs for which he was sentenced was not contained in the indictment, pleaded and proven to a jury or admitted by the defendant. Petitioner also claims the District Court's finding that the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) was not applicable to his case is in

3

error. Clearly, Petitioner is attacking his conviction and not alleging a defect in the review process. Under Winestock, this court must find what petitioner characterizes as a 60(b) motion as a successive petition and dismiss the same for lack of jurisdiction. Petitioner's second 60(b) motion (Doc. No. 517) contains the same arguments as the first and is in reality a supplemental memorandum. Likewise, it attacks his conviction and must be dismissed as a successive petition which the Court has no jurisdiction to consider.

C.  Recommendation

For the foregoing reasons, it is recommended that both motions captioned as motions under Fed. R. Civ. P. 60(b) be dismissed as successive petitions which the Court has no jurisdiction to consider.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 14, 2009

                                         */s/ James E. Seibert*
                                         JAMES E. SEIBERT
                                         UNITED STATES MAGISTRATE JUDGE