IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


UNITED STATES OF AMERICA,

        Plaintiff,

v.                          Criminal Action No. 5:99CR13-01
                                              (STAMP)

STANLEY HOBEREK,[1]

        Defendant.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**


I. Background

Defendant Stanley Hoberek, who is appearing pro se,[2] was indicted by a grand jury on February 3, 1999 in a 29-count indictment relating to the distribution of cocaine, marijuana, and heroin. The defendant was sentenced on September 16, 1999, to a period of imprisonment of 324 months to run concurrent with all counts. Specifically, the defendant was sentenced to 324 months imprisonment as to Count One for conspiracy, 240 months imprisonment as to Count Twenty-Two for possession with intent to distribute crack cocaine, and 60 months imprisonment as to Counts Twenty-Three and Twenty-Four for violations of interstate transportation in aid to racketeering ("ITAR"). The defendant

---

[1]The report and recommendation incorrectly names Stanley Hoberek as the petitioner and the United States of America as the respondent in this case.

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which the Fourth Circuit denied.

On October 25, 2000, the defendant filed his first motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The motion was denied by this Court on April 11, 2002. The Fourth Circuit denied the defendant's appeal. The defendant filed his second motion to vacate on December 14, 2005, which was also denied. On July 13, 2007, the defendant filed his third motion to vacate pursuant to 28 U.S.C. § 2255. The motion was denied by this Court. The defendant then filed a notice of appeal, and the Fourth Circuit dismissed the appeal on May 20, 2008.[3]

The defendant then filed two motions under Federal Rule of Civil Procedure 60(b)(4), which are currently before this Court. This matter was referred to United States Magistrate Judge James E. Seibert for a report and recommendation. On January 14, 2009, the magistrate judge issued a report and recommendation recommending that the defendant's motions be dismissed as successive petitions. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The

---

[3]In between filing his several § 2255 motions, the defendant also filed a motion for correction of illegal sentence and a motion for reduction of sentence. Both of these motions were denied by this Court and on appeal.

defendant filed timely objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the defendant has filed objections, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

## III.  Discussion

The Fourth Circuit has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are "equivalent to additional habeas claims." <u>Hunt v. Nuth</u>, 57 F.3d 1327, 1339 (4th Cir. 1995). In <u>United States v. Winestock</u>, 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit further mandated that "district courts <u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented

in a prior application.'" <u>Id.</u> at 206 (citing <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. §§ 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief)).

The <u>Winestock</u> court also described the method that courts should use to distinguish a proper motion under Rule 60(b) from a "'successive [application] in 60(b)'s clothing.'" <u>Id.</u> at 207 (quoting <u>Lazo v. United States</u>, 314 F.3d 571, 573 (11th Cir. 2002) (<u>per curiam</u>)). The Court stated that

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

<u>Id.</u>

Here, the defendant's Rule 60(b) motions are challenging the legality of his sentence and not seeking to remedy a defect in the collateral review process. In his objections to the magistrate judge's report and recommendation, the defendant contends that he is challenging the denial of his § 2255 motions and is not attempting to file a new claim for relief. This Court disagrees and overrules the defendant's objections. In his first Rule 60(b) motion, Docket No. 513, the defendant attacks his conviction by claiming that the amount of drugs for which he was sentenced was

not charged in the indictment, pleaded, proven to a jury, or admitted to by the defendant at trial. Further, the defendant argues that the district court erred in finding that the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), was not applicable to the defendant's case. Similarly, the defendant's second Rule 60(b) motion, Docket No. 517, contains the same arguments as made in the first motion. The defendant, therefore, is directly attacking his conviction and sentence in a manner that amounts to an appeal of the decision on his motions for habeas relief rather than a defect in the collateral review process. Thus, the defendant's claims cannot stand unless properly brought after receiving a certificate of appealability or permission to file a successive § 2255 motion. For this reason, the defendant's Rule 60(b) motions must be denied.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the defendant's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, both of the defendant's Rule 60(b) motions are DENIED WITH PREJUDICE.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this

judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the defendant may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED:    March 2, 2009


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE