IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


STANLEY HOBEREK,

        Petitioner,

v.                                    Civil Action No. 5:00CV184
                                      (Criminal Action No. 5:99CR13-01)
UNITED STATES OF AMERICA,                                (STAMP)

        Respondent.


                   **MEMORANDUM OPINION AND ORDER**
                   **DENYING PETITIONER'S MOTION UNDER**
                   **FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)**

                          I.  Background

    The pro se[1] petitioner, Stanley Hoberek, was indicted by a grand jury on February 3, 1999, in a 29-count indictment relating to the distribution of cocaine, marijuana, and heroin. The petitioner was sentenced on September 16, 1999, to 324 months imprisonment to run concurrent with all counts.[2] The petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which was denied.

    On October 25, 2000, the petitioner filed his first motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The motion was denied by

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

    [2]Specifically, the petitioner was sentenced to 324 months imprisonment as to Count One for conspiracy, 240 months imprisonment as to Count Twenty-Two for possession with intent to distribute crack cocaine, and 60 months imprisonment as to Counts Twenty-Three and Twenty-Four for violations of interstate transportation in aid to racketeering ("ITAR").

this Court on April 11, 2002.[3]  The petitioner filed a second motion to vacate on December 14, 2005, followed by a third motion to vacate on July 13, 2007.  Both of these motions were denied.[4]

Thereafter, the petitioner filed two motions pursuant to Federal Rule of Civil Procedure 60(b)(4).  On March 2, 2009, this Court entered a memorandum opinion and order affirming and adopting the report and recommendation of the magistrate judge denying those motions as successive applications for post-conviction relief.

Now, the petitioner has filed a motion under Federal Rule of Civil Procedure 60(b)(6), requesting that this Court reconsider its decision regarding his § 2255 motion.  The government did not file a response.  For the reasons set forth below, the petitioner's motion is denied.

## II. Discussion

The Fourth Circuit has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are "equivalent to additional habeas claims."  Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995).  In United States v. Winestock, 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit further mandated that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to

---

[3]The Fourth Circuit denied the petitioner's appeal.

[4]The petitioner filed a notice of appeal, which the Fourth Circuit dismissed.

'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206 (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. §§ 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief)).

The Winestock court also described the method that courts should use to distinguish a proper motion under Rule 60(b) from a "'successive [application] in 60(b)'s clothing.'" Id. at 207 (quoting Lazo v. United States, 314 F.3d 571, 573 (11th Cir. 2002) (per curiam)). The Court stated that

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

Id.

In this case, the petitioner's Rule 60(b)(6) motion is, once again, challenging the legality of his sentence and not seeking to remedy a defect in the collateral review process. In his prior Rule 60(b) motions (Docket Nos. 513 and 517), the petitioner attacked his conviction by claiming that the amount of drugs for which he was sentenced was not charged in the indictment, pleaded, proven to a jury or admitted by the petitioner at trial. The

3

petitioner further argued that the district court erred in finding that the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), was inapplicable to the petitioner's case. The petitioner makes these same arguments in his Rule 60(b)(6) motion currently before this Court. He is, therefore, directly attacking his conviction and sentence in a manner that amounts to an appeal of the decision on his motions for habeas relief rather than a defect in the collateral review process. Thus, the petitioner's claims cannot stand unless properly brought after receiving a certificate of appealability or permission to file a successive § 2255 motion.

III. Conclusion

For the reasons set forth above, the petitioner's motion under Federal Rule of Civil Procedure 60(b)(6) is hereby DENIED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong

4

and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).  Upon review of the record, this Court finds that the petitioner has not made the requisite showing.  Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:    March 19, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE